# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APR SUPPLY COMPANY, | : | Civil No. 1:22-CV-01887 |
| Plaintiff, | : | |
| v. | : | |
| AVALON CORPORATE SOLUTIONS CORP., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) filed by Defendant Avalon Corporate Solutions Corp. (Doc. 5.) The court finds that it has specific personal jurisdiction over Defendant Avalon Corporate Solutions Corporation in this litigation. For this reason, the court will deny the motion to dismiss.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff APR Supply Company ("APR") commenced this action in the Court of Common Pleas of Lebanon County on October 28, 2022. (Doc. 1-2.) Defendant Avalon Corporate Solutions Corporation ("Avalon") removed the action to this court on November 30, 2022. (Doc. 1.) APR's two-count complaint sets forth claims for breach of contract and declaratory judgment. (Doc. 1-2.)

According to the allegations in the complaint, APR is a Pennsylvania corporation with its principal place of business in Lebanon, Pennsylvania. (Doc. 1-

1

2, ¶ 2.)  Avalon is a citizen of a foreign state, having been incorporated in Canada and having a principal place of business in Quebec.  (*Id.* ¶ 3.)  The parties entered into a contract titled "Statement of Work – WMS Software Implementation" ("SOW") for software integration on January 28, 2021, after APR sought the services of Avalon.  (*Id.* ¶¶ 7–8.)  The parties anticipated that the software integration would "go live" and be ready for APR's use in December 2021.  (*Id.* ¶ 11.)  After a series of problems launching the software and various rescheduled "go live" dates, the software system failed to meet APR's operational needs.  (*Id.* ¶¶ 13–21.)  Efforts to continue the launch of the software ceased in February 2022.  (*Id.* ¶¶ 22–23.)

On December 6, 2022, Avalon filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), along with a brief in support.  (Docs. 5, 6.)  APR timely filed a brief in opposition on December 20, 2022, and Avalon filed a reply brief on January 5, 2023.  (Docs. 8, 12.)  Thus, this motion is ripe for review.

**JURISDICTION**

Under 28 U.S.C. § 1441, this action was properly removed to this court.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  Venue is proper under 28 U.S.C. § 1391.

## STANDARD OF REVIEW

Avalon moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Id.*

A federal court sitting in Pennsylvania in a diversity suit exercises jurisdiction according to the law of Pennsylvania.  FED. R. CIV. P. 4(k)(1)(A); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States."  42 PA. CON. STAT. § 5322(b).  Accordingly, the court then considers the Due Process Clause and asks whether the defendant has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

*O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## DISCUSSION

Avalon argues that it does not have sufficient minimum contacts with the Commonwealth of Pennsylvania for this court to exercise personal jurisdiction. (Doc. 6, p. 8.) Avalon also argues, in the alternative, that even if there are sufficient minimum contacts, it would not comport with notions of fair play and substantial justice for this court to exercise jurisdiction. (*Id.* at 9.) Avalon stresses that it instituted an action in the Superior Court, Province of Quebec, District of Montreal, on October 22, 2022. (*Id.*) Thus, Avalon argues, there should be no finding of specific personal jurisdiction. (*Id.*)

In response, APR points to the presence of Avalon personnel on its physical premises as evidence of activities in Pennsylvania that are sufficient to confer specific personal jurisdiction. (Doc. 8, p. 3–4.) APR emphasizes that the SOW contemplated Avalon traveling to APR's premises on a regular basis to complete the software implementation, and Avalon personnel did in fact spend time on the APR campus. (*Id.* at 3.) Furthermore, multiple Avalon personnel were on-site at APR's physical location in Lebanon, Pennsylvania from September 2021 through January 2022. (*Id.* at 4.) Finally, between December 2021 and January 2022, at

least ten Avalon personnel worked at the APR location on a near-full-time basis. (*Id.*)

Personal jurisdiction may be general or specific. *Gen. Elec., Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). General personal jurisdiction is established when a defendant has "continuous and systematic" contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific personal jurisdiction may be established if the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In breach of contract cases, "courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Gen. Elec.*, 270 F.3d at 150 (citing *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999)). In modern commercial interactions, contacts may include physical presence in the forum state or electronic communication with a business that is physically located in the forum state. *Id.* at 150–51. It is not significant which party initiated the business relationship, but rather, "the intention to establish a common venture extending over a substantial period of time is a more important consideration." *Id.* at 151.

### A. General Personal Jurisdiction

General personal jurisdiction over a foreign corporation is established when that corporation's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). Here, the court agrees with the parties that Avalon, having been incorporated in Canada and with its principal place of business in Canada, is not subject to general personal jurisdiction in the Commonwealth of Pennsylvania.

### B. Specific Personal Jurisdiction

The Due Process Clause protects defendants from being subject to judgments in fora in which that defendant lacks meaningful contacts. *Int'l Shoe*, 326 U.S. at 319. Specific personal jurisdiction allows for a court to exercise jurisdiction over a defendant that is "less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). The requirements of specific jurisdiction aim to afford some predictability for defendants to know when they may be held liable to suit in a certain jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The specific jurisdiction analysis consists of a three-prong test: (1) whether the defendant purposely directed its activities at the forum state; (2) whether the

litigation arises out of or directly relates to one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317. The third prong of fair play and substantial justice need only be considered if the first two prongs are met. *Id.* In this case, Avalon argues that it did not direct sufficient activities to Pennsylvania to establish specific personal jurisdiction. In the alternative, Avalon submits that there is no specific personal jurisdiction over it because the third prong of fair play and substantial justice is not satisfied.

### 1. Prong One: Whether Avalon purposely directed sufficient activities at Pennsylvania

The first prong asks whether the defendant purposefully directed sufficient activities at the forum state. In reviewing this issue, the court should consider whether the defendant purposefully established "minimum contacts" in the forum state. *Burger King*, 471 U.S. at 474 (citing *Int'l Shoe*, 326 U.S. at 316). The minimum contacts must be purposefully directed at the forum state, in such a way that the defendant deliberately interacted with the forum state or created "continuing obligations" between itself and residents of the forum state. *Id.* at 475–76. This is often referred to as the "purposeful availment" requirement. *Id.* at 475.

In this case, Avalon purposefully established sufficient contacts with APR to render it subject to jurisdiction in Pennsylvania. In addition to the SOW being

delivered to and executed at APR's Pennsylvania address, the SOW also considered the possibility of Avalon employees spending time working in-person in Pennsylvania at the APR offices. Furthermore, the SOW established a continuing relationship between Avalon and APR as APR's software was developed. Avalon staff members did, in fact, spend a significant amount of time working at APR's Pennsylvania offices. These physical and contractual contacts are sufficient to establish minimum contacts that were purposefully directed towards Pennsylvania. Therefore, the first prong, requiring purposefully directed sufficient contacts with the forum state, is met.

### 2. Prong Two: Whether this litigation arises out of or directly relates to Avalon's activities with APR in Pennsylvania

The second prong of the court's analysis aims to ensure a connection between the subject litigation and the defendant's activities in the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 141 S. Ct. 1017, 1781 (2017). When there are sufficient contacts with a forum state, courts may consider whether those contacts caused the litigation in question, though "some relationships will support jurisdiction without a causal showing." *Ford Motor Co.*, 141 S. Ct. at 1026.

Courts have established three separate tests to determine whether litigation arises out of or relates to the contact established by the defendant in the forum state: (1) the proximate cause/substantive relevance test; (2) the but-for causation test; and (3) the substantial connection test. *O'Connor*, 496 F.3d at 319. The

8

standard for contract cases has effectively been the substantive relevance test, in which courts ask whether "the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Id.* at 320 (quoting *Gen. Elec.*, 270 F.3d at 150) (internal quotations omitted).  Because Avalon's contacts with Pennsylvania were a direct result of its contract with APR, this standard is easily met under any of these tests.  Therefore, the second prong is satisfied.

### C. Prong Three: Whether the exercise of jurisdiction otherwise comports with notions of fair play and substantial justice

Once the first two prongs have been satisfied, the court will consider whether traditional notions of fair play and substantial justice are met when the court exercises personal jurisdiction over the defendant.  *O'Connor*, 496 F.3d at 317.  There are a number of factors for the court to consider, specifically, "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, [and] the interstate [and international] judicial system's interest in obtaining the most efficient resolution of controversies." *Burger King*, 471 U.S. at 477.  When a defendant that has purposefully directed activities at the forum state seeks to dismiss for lack of personal jurisdiction, the defendant must present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*  Minimum contacts alone makes jurisdiction "presumptively constitutional."

*O'Connor*, 496 F.3d at 324.  Thus, when minimum contacts are present, personal jurisdiction will only be unreasonable in rare cases.  *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 207 (3d Cir. 1998).

Avalon argues that jurisdiction in Pennsylvania is unreasonable because litigation is already pending in Canada, and the Canadian litigation was filed before the litigation in Pennsylvania.  (Doc. 6, p. 9.)  Although Avalon was the first to file suit, and it certainly is inconvenient for Avalon to litigate in Pennsylvania, that is not enough to satisfy the high bar to render jurisdiction in Pennsylvania unreasonable.  Because Avalon established minimum contacts with Pennsylvania, jurisdiction in Pennsylvania is presumed, and Avalon must show that more of the factors weigh in its favor as to make it a rare case in which jurisdiction in Pennsylvania would be unreasonable.   Avalon has not shown that more factors weigh in its favor, and therefore jurisdiction in Pennsylvania is reasonable.  Having found jurisdiction in Pennsylvania to be reasonable, it follows that such jurisdiction comports with notions of fair play and substantial justice.

## CONCLUSION

For the reasons stated herein, the court finds that it has specific personal jurisdiction over Avalon. Therefore, the court will deny Avalon's motion to dismiss. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 27, 2023